UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERALD THOMPSON,
Plaintiff,

v.

NELNET, INC., and
UNITED STATES DEPARTMENT OF EDUCATION,
Defendants.

_____/

2:26-CV-288-JES-NPM

COMPLAINT
JURY TRIAL DEMANDED

Plaintiff Jerald Thompson ("Plaintiff"), proceeding pro se, alleges the following against Defendants Nelnet, Inc. ("Nelnet") and the United States Department of Education ("DOE" or "ED"):

## I. INTRODUCTION

1. This is an action for injunctive relief and damages arising from Defendants' unlawful failure to honor and implement Plaintiff's Total and Permanent Disability ("TPD") student loan discharge, their continued and inaccurate credit reporting after actual notice, and their arbitrary and unreasonable refusal to act despite documented compliance.

2. Plaintiff received a TPD discharge that was reinstated effective December 10, 2019. Despite this reinstatement, Defendants have continued to report Plaintiff's federal student loans as delinquent and past due, causing severe and ongoing credit harm.

3. Plaintiff repeatedly provided Defendants with required post-discharge monitoring forms, sent certified written notices, contacted the Federal Student Aid Ombudsman, and filed a Consumer Financial Protection Bureau complaint. Defendants nevertheless failed to correct Plaintiff's loan status or credit reporting.

4. Defendants' conduct violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and constitutes unlawful agency action and unreasonable delay under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the FCRA and the APA.

6. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in this District and a substantial part of the events and injuries giving rise to the claims occurred here.

## III. PARTIES

8. Plaintiff Jerald Thompson is a natural person residing in Lee County, Florida.

9. Defendant Nelnet, Inc. is a student loan servicer that furnishes credit information to consumer reporting agencies and acted as the servicer and agent responsible for administering Plaintiff's federal student loans during the relevant period.

10. Defendant United States Department of Education is a federal agency responsible for the administration of federal student loan programs, including Total and Permanent Disability discharges, and for oversight of its loan servicers.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff was granted a Total and Permanent Disability discharge of his federal student loans. The discharge was reinstated effective December 10, 2019.

12. Following reinstatement, Plaintiff complied with all post-discharge monitoring requirements. He timely completed and submitted required TPD monitoring forms for multiple years, including 2019 and 2020.

13. Despite Plaintiff's compliance, Defendants failed to properly update Plaintiff's loan records and continued to treat the discharged loans as active and delinquent.

14. On December 4, 2025, Federal Student Aid assigned Plaintiff's case to Nelnet for resolution.

15. Plaintiff thereafter provided additional documentation, including copies of his monitoring forms, and repeatedly requested correction of his loan status and credit reporting.

16. On January 22, 2026, Plaintiff contacted the TPD service line and was informed that the TPD discharge had been reinstated by Nelnet on December 10, 2019. A TPD case (No. 33173479) was opened, but no corrective action was taken.

17. On February 2, 2026, Nelnet issued a "Final Response" letter disclaiming responsibility and directing Plaintiff to contact the Department of Education, despite having been assigned the matter and continuing to service and report the loans.

18. As a result of Defendants' failures, Plaintiff's credit reports from Experian and TransUnion reflect federal student loan accounts reported as severely past due, including accounts reported as 120 days delinquent.

19. Plaintiff sent multiple certified letters to Nelnet, DOE, and related offices, all of which were received. Plaintiff also contacted the Federal Student Aid Ombudsman and filed a CFPB complaint. Defendants failed to timely or meaningfully respond.

20. Defendants' continued reporting of discharged loans as delinquent is false, misleading, and damaging. Plaintiff has suffered credit harm, emotional distress, and interference with financial opportunities.

## V. COUNT I – FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)
(Against Nelnet)

21. Plaintiff realleges paragraphs 1–20.

22. Nelnet is a furnisher of information to consumer reporting agencies within the meaning of the FCRA.

23. Nelnet furnished information that it knew or should have known was inaccurate by reporting discharged loans as delinquent.

24. Nelnet received actual notice of the discharge reinstatement and Plaintiff's compliance but failed to correct or delete inaccurate information.

25. Nelnet's conduct was willful or, in the alternative, negligent, in violation of 15 U.S.C. §§ 1681s-2(b), 1681n, and 1681o.

26. Plaintiff suffered actual damages, statutory damages, and is entitled to punitive damages and injunctive relief.

## VI. COUNT II – ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)
(Against DOE)

27. Plaintiff realleges paragraphs 1–20.

28. DOE had a non-discretionary duty to implement Plaintiff's TPD discharge and ensure accurate loan servicing and reporting.

29. DOE failed to act, unreasonably delayed action, and allowed inaccurate reporting to persist despite actual knowledge and documented compliance.

30. DOE's actions and omissions are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

31. Plaintiff has no adequate alternative remedy and is entitled to injunctive and declaratory relief compelling DOE to correct Plaintiff's loan records and credit reporting.

## VII. INJUNCTIVE AND DECLARATORY RELIEF

32. Plaintiff seeks an injunction ordering Defendants to:
    a. Correct Plaintiff's loan status to reflect the TPD discharge;
    b. Cease reporting discharged loans as delinquent;
    c. Direct consumer reporting agencies to delete or correct inaccurate tradelines.

33. Plaintiff seeks a declaration that Defendants' conduct violated federal law.

## VIII. DAMAGES

34. Plaintiff seeks damages in an amount to be determined at trial, including statutory, actual, and punitive damages, in an amount not less than $100,000, where available.

## IX. JURY DEMAND

35. Plaintiff demands a trial by jury on all issues so triable.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;
B. Grant declaratory and injunctive relief as requested;
C. Award damages as permitted by law;
D. Award costs and any other relief the Court deems just and proper.

Respectfully submitted,

_Jerald Thompson_

Jerald Thompson
Plaintiff, Pro Se
11224 Cypress Tree Circle
Fort Myers, FL 33913-7821
Telephone: 484-743-2613
Email: Preludess20@gmail.com

Date: February 9, 2026