UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.  2:26-CV-00288-JES-NPM

JERALD THOMPSON,

    Plaintiff,

v.

NELNET, INC., et al.,

    Defendants.

_____/

### DEFENDANT, NELNET SERVICING, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Nelnet Servicing, LLC ("Nelnet") incorrectly named herein as Nelnet, Inc., hereby serves its answer and defenses to the Complaint ("Complaint") [ECF No. 1] filed by Plaintiff, Jerald Thompson ("Plaintiff").

### ANSWER

Nelnet denies all allegations of the Complaint unless specifically admitted. Further responding to the allegations of the Complaint, paragraph by corresponding paragraph, Nelnet states:

### I.    INTRODUCTION

1.    With regard to Paragraph 1, Nelnet admits that Plaintiff purports to state a claim for injunctive relief and damages but denies that Plaintiff has done so.

2.    Paragraph 2 is denied.

143892976.1

3.    Nelnet is without knowledge as to the allegations contained in Paragraph 3 and therefore denies same.

4.    Paragraph 4 contains legal conclusions and is therefore denied.

## II.    JURISDICTION AND VENUE

5.    With regard to Paragraph 5, Nelnet admits that jurisdiction is proper before this Court but denies that Plaintiff is entitled to any damages or relief from Nelnet.

6.    With regard to Paragraph 6, Nelnet admits that this Court has the authority to grant declaratory and injunctive relief but denies that Plaintiff is entitled to any such relief.

7.    With regard to Paragraph 7, Nelnet admits that venue is proper before this Court but denies that Plaintiff is entitled to any damages or relief from Nelnet.

## III.    PARTIES

8.    With regard to Paragraph 8, Nelnet admits that Plaintiff is a natural person. Nelnet is without knowledge as to the remaining allegations contained in Paragraph 8 and therefore denies same.

9.    With regard to Paragraph 9, Nelnet admits that Nelnet Servicing, LLC is a student loan servicer that furnishes credit information to consumer reporting agencies, and that it serviced Plaintiff's federal student loans at certain times. Paragraph 9 is otherwise denied.

10.    With regard to Paragraph 10, Nelnet admits that the United States Department of Education is a federal agency responsible for the administration of federal student loan programs, including Total and Permanent Disability discharges. Nelnet is

2

143892976.1

without knowledge as to the remaining allegations contained in Paragraph 10 and therefore denies same.

11.     With regard to Paragraph 11, Nelnet admits that Plaintiff was granted a conditional Total and Permanent Disability discharge of his federal student loans but states that Plaintiff failed to comply with the conditions required for the Total and Permanent Disability discharge. Paragraph 11 is otherwise denied.

12.     Paragraph 12 is denied.

13.     Paragraph 13 is denied.

14.     Nelnet is without knowledge as to the allegations contained in Paragraph 14 and therefore denies same.

15.     Nelnet is without knowledge as to the allegations contained in Paragraph 15 and therefore denies same.

16.     Nelnet is without knowledge as to the allegations contained in Paragraph 16 and therefore denies same.

17.     With regard to Paragraph 17, Nelnet states that the February 2, 2026 letter speaks for itself. Paragraph 17 is otherwise denied.

18.     Nelnet is without knowledge as to the allegations contained in Paragraph 18 and therefore denies same.

19.     With regard to Paragraph 19, Nelnet admits that it received certified letters from Plaintiff. Paragraph 19 is otherwise denied.

20.     Paragraph 20 is denied.

## COUNT I

3

21. With regard to Paragraph 21, Nelnet realleges its responses to paragraphs 1-20 as if fully set forth herein.

22. Paragraph 22 is admitted.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

## COUNT II

27. Count II is not directed at Nelnet and therefore no response is required. To the extent a response is required, Nelnet denies the allegations contained in Paragraphs 27 through 31.

## INJUNCTIVE AND DECLARATORY RELIEF

28. With regard to Paragraph 32, Nelnet admits that Plaintiff seeks an injunction but denies that Plaintiff is entitled to same.

29. With regard to Paragraph 33, Nelnet admits that Plaintiff seeks a declaration but denies that Plaintiff is entitled to same.

## DAMAGES

30. With regard to Paragraph 34, Nelnet admits that Plaintiff seeks damages but denies that Plaintiff is entitled to same.

## JURY DEMAND

31. Paragraph 35 is a jury trial demand to which no response is required.

143892976.1

## DEFENSES

### First Defense

Nelnet complied with all required obligations set forth in the FCRA with regard to furnishers of information.  As such, any purported violation should be excused with respect to Nelnet.

### Second Defense

To the extent Plaintiff has experienced any damages, which Nelnet denies, such damages were the result of a superseding and/or intervening cause for which Nelnet is not responsible.

### Third Defense

To the extent Plaintiff has experienced any damages, which Nelnet denies, such damages were the result of acts or omissions of third persons over whom Nelnet had neither control nor responsibility.

### Fourth Defense

Plaintiff has failed to mitigate his damages, if any.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the limitations of the FCRA, including, but not limited to, 15 U.S.C. § 1681p.

### Sixth Defense

Plaintiff's claims may be barred in whole or in part, by the applicable statute of limitations.

### Seventh Defense

5

143892976.1

Nelnet pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages. Nelnet adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

### Eighth Defense

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n. Further, no act or omission of Nelnet was done with intentional misconduct or gross negligence under section 768.72(2), Florida Statutes, or any other applicable law, and therefore, any award of punitive damages is barred.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, to the extent any alleged acts or conduct on Nelnet's part giving rise to those claims are the result of an innocent mistake.

In any event, Nelnet denies that it acted with any willfulness, malice, or reckless disregard towards Plaintiff or of the requirements of the FCRA. And Plaintiff's assertions that Nelnet committed willful violations of the FCRA are barred by principles articulated in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007).

### Tenth Defense

Plaintiff's alleged notices of dispute to credit reporting agencies were not sufficiently detailed to trigger any duty for Nelnet to investigate.

6

143892976.1

## Eleventh Defense

Plaintiff's alleged notices of dispute to credit reporting agencies were duplicative, and did not trigger any duty for Nelnet to investigate.

## Twelfth Defense

Plaintiff fails to state a cause of action because he failed to meet the condition precedent of providing sufficient information to Nelnet for it to investigate his claims.

## Thirteenth Defense

At all relevant times, Nelnet maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information provided to the consumer reporting agencies.

## Fourteenth Defense

Some or all of Plaintiff's purported damages are speculative in nature, not reasonably certain, discernable, or calculable, or are non-recoverable losses, if any.

## Fifteenth Defense

Plaintiff fails to state a cause of action for injunctive and/or declaratory relief because he fails to plead the necessary elements of such claims.

WHEREFORE, Defendant Nelnet Servicing, LLC respectfully prays:

(1)     That Plaintiff take nothing by virtue of the Complaint;

(2)     That this action be dismissed with prejudice in its entirety;

(3)     That Nelnet be awarded its costs and attorneys' fees incurred; and

(4)     For such other and further relief the Court deems just and proper.

Dated: April 17, 2026                                    Respectfully submitted,

7

143892976.1

/s/ *Naomi M. Berry*
Naomi Berry (Florida Bar No. 69916)
CARLTON FIELDS, P.A.
2 MiamiCentral
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
nberry@carltonfields.com

and

Daniel C. Johnson
Florida Bar No. 522880
Carlton Fields, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, FL 32801-3400
Telephone: (407) 849.0300
Facsimile: (407) 648.9099
Email: djohnson@carltonfields.com
*Attorneys for Defendant Nelnet Servicing, LLC*
*incorrectly named herein as Nelnet, Inc.*

8

143892976.1

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all counsel of record on April 17, 2026.

*/s/ Naomi M. Berry*

9

143892976.1