UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERALD THOMPSON,

     Plaintiff,

v.                                      Case No: 2:26-cv-288-SPC-NPM

NELNET, INC. and UNITED
STATES DEPARTMENT OF
EDUCATION,

     Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant U.S. Department of Education ("Department"), through the undersigned Assistant United States Attorney, and submits the following Answer and Affirmative Defenses to Plaintiff's Complaint:

## INTRODUCTION

1. The allegations in paragraph 1 contain Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff brings this action for alleged violations of the Administrative Procedure Act ("APA") and the Fair Credit Reporting Act ("FCRA"). Defendant denies that Plaintiff is entitled to relief against the Department under either of those statutes.

2. Defendant admits that Plaintiff received a Total and Permanent Disability ("TPD") discharge effective September 6, 2017, and further states that

1

Plaintiff's loans were reinstated in December 2019 following Plaintiff's failure to comply with the TPD program's three-year post-discharge income monitoring requirements. Defendant specifically denies that it has furnished inaccurate information regarding Plaintiff's federal student loan accounts. As to the remaining allegations in paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the allegations.

3. Defendant admits Plaintiff communicated with federal agencies. The allegations in paragraph 3 are otherwise denied.

4. The allegations in paragraph 4 contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions requiring no response.

6. Paragraph 6 contains legal conclusions requiring no response.  To the extent the allegations require a response, Defendant denies the allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the allegations.

## PARTIES

8. Defendant admits Plaintiff is a natural person. As to the remaining allegations in paragraph 8, Defendant is without knowledge or information

2

sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

9. Defendant admits that Nelnet was under contract with the Department to service Plaintiff's loans on the Department's behalf, including processing and approval of Total and Permanent Disability applications. The allegations are otherwise denied.

10. Defendant admits that it is a federal agency responsible for the administration of the federal student loan program. Defendant avers that it routinely contracts with loan servicers to service student loans. Defendant denies the remaining allegations contained in paragraph 10.

## FACTUAL ALLEGATIONS

11. Defendant admits that Plaintiff received a TPD discharge effective September 6, 2017. At that time, Plaintiff was informed that he would be subject to a three-year post-discharge monitoring period. Nelnet received Plaintiff's monitoring documents for the first year in November 2018. However, no additional income monitoring documents for the following year were received. As a result, Plaintiff's loans were reinstated in December 2019. The remaining allegations in paragraph 11 are denied.

12. Defendant denies the allegations.

13. Defendant denies the allegations.

14. Defendant admits the allegations.

15. Defendant admits that Plaintiff communicated with Nelnet and the

3

Department following December 4, 2025.  The remaining allegations in paragraph 15 are otherwise denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the allegations.

19. Defendant admits that Plaintiff contacted Nelnet and the Department via letter. Defendant specifically denies that the Department failed to timely or meaningfully respond to Plaintiff's communications and otherwise denies the allegations in paragraph 19.

20.  Defendant denies the allegations in paragraph 20.

**COUNT I – FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)**

**(Against Nelnet)**

21. Defendant hereby incorporates by reference its responses to paragraphs 1 through 20 as if set forth fully herein.

22. The allegations in this paragraph are not directed to the Department; as such, no response is required.

4

23. The allegations in this paragraph are not directed to the Department; as such, no response is required.

24. The allegations in this paragraph are not directed to the Department; as such, no response is required.

25. The allegations in this paragraph are not directed to the Department; as such, no response is required.

26. The allegations in this paragraph are not directed to the Department; as such, no response is required.

<b><u>COUNT II – ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)</u></b>

27. Defendant hereby incorporates by reference its responses to paragraphs 1 through 20 as if set forth fully herein.

28. The Department admits that it routinely contracts with federal loan servicers to perform loan servicing functions such as processing of discharge applications and credit reporting on the Department's behalf.  The allegations in paragraph 28 are otherwise denied.

29. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied.

31. The allegations in paragraph 31 are denied.

<b><u>INJUNCTIVE AND DECLARATORY RELIEF</u></b>

32. Defendant denies the allegations in paragraph 32 as legal conclusions requiring no response.  To the extent the allegations require a response, Defendant denies Plaintiff is entitled to an injunction.

33. Defendant denies the allegations in paragraph 33 as legal conclusions requiring no response. To the extent the allegations require a response, Defendant denies Plaintiff is entitled to declaratory relief.

## DAMAGES

34. Defendant denies the allegations in paragraph 34 as legal conclusions requiring no response. To the extent the allegations require a response, Defendant denies Plaintiff is entitled to damages.

## JURY DEMAND

35. Defendant denies that Plaintiff is entitled to a jury trial against the Department under the Administrative Procedure Act.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the damages, declaratory relief, injunctive relief, costs, interest, or any other relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to injunctive relief against the Department—or declaratory relief where such relief would have the same effect as injunctive relief—as such relief is precluded by the Higher Education Act, 20 U.S.C. § 1082(a)(2).

2. Plaintiff's request for statutory, actual, and punitive damages are barred by the Administrative Procedure Act.

3. The agency decisions at issue in this case were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

6

4.  The Department reserves the right to plead any additional affirmative

defenses that are learned through discovery.

DATED this 27th day of July, 2026.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ *Chad C. Spraker*

CHAD C. SPRAKER
Assistant United States Attorney
USA NO. 198
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Email: Chad.Spraker@usdoj.gov
Lead Counsel for Defendant
U.S. Department of Education

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2026, the foregoing document will be

sent via U.S. mail and email to:

Jerald Thompson
11224 Cypress Tree Circle
Fort Myers, FL 33913-7821
Preludess20@gmail.com

/s/ Chad C. Spraker
Assistant United States Attorney

8